## FREEMAN v. LOUISIANA COCA–COLA BOTTLING CO., Limited.

### No. 16706.

Court of Appeal of Louisiana. Orleans.
March 21, 1938.

Gill & Simon, of New Orleans (Warren M. Simon, of New Orleans, of counsel), for appellant.

Frank T. Doyle, of New Orleans, for appellee.

McCALEB, Judge.

Ernest Freeman, a colored man, claims that, as he drank from a bottle of Coca-Cola, he swallowed particles of glass which were in the bottle at the time he purchased it. He alleges that, on August 4, 1936, he purchased the bottle from a local dispenser of the beverage; that it had been manufactured by the defendant; and that, after he had consumed about two thirds of the contents, he felt a sticking and cutting pain in his throat. He further avers that he immediately removed the bottle from his mouth, examined it, and noticed that there were several pieces of broken glass in the bottom thereof; that he went forthwith to the board of health of the city of New Orleans, where a purgative was administered to him, and from there he entered the Charity Hospital, where he received treatment from August 4, 1936, to August 19, 1936, and that during this period he suffered severe mental and physical pain.

He alleges that the Coca-Cola Company is responsible to him for his injuries and that he is entitled to recover damages in the sum of $1,017.50.

Defendant answered denying all of the allegations of the petition and set up as a special defense that its plant is equipped with the most modern and up-to-date machinery for the purpose of bottling its product; that it is impossible for any foreign substance to get into the Coca-Cola or into the bottles; that if the plaintiff was injured as alleged, the glass must have found its way into the bottle after the defendant had disposed of same; and that, in any event, it is not responsible for plaintiff's injury.

Upon these issues, the case was heard in the court below and resulted in a judgment in defendant's favor. Plaintiff has appealed.

■ Counsel for plaintiff maintains that the trial judge decided this matter solely upon a question of law and that the judgment is contrary to the ruling of this court in Hill v. Louisiana Coca-Cola Bottling Co., 170 So. 45. In that case, we carefully reviewed all of the prior jurisprudence of this state in matters similar to this and held that, where a plaintiff has been injured by reason of ingesting some foreign substance contained in the beverage, the doctrine of res ipsa loquitur applies, and that it is incumbent upon the defendant to prove, by a preponderance of evidence, that the foreign substance did not enter its product as a result of its negligence. We realize that this might be a difficult burden for the defendant to carry, but we believe that the ruling is sound and that it is in accord with the jurisprudence of the Supreme Court as announced in Doyle v. Fuerst & Kraemer, Ltd., 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480, Ann.Cas. 1913B, 1110.

In the case at bar, we need not consider the defendant's freedom from negligence because a reading of the record has convinced us that the plaintiff did not swallow glass and that he has not suffered any injury.

Plaintiff testified that on August 4, 1936, he went to the Four Brothers Restaurant in the city of New Orleans and there purchased the bottle of Coca-Cola; that, after he had consumed approximately two thirds of the beverage, he felt something sticking in his throat; and that he realized that he had swallowed some glass. He immediately gave the cashier of the restaurant five cents for the bottle and went to the city board of health, where he says a purgative was administered to him. He then repaired to the Charity Hospital and reported to the doctors in charge there

that he had swallowed glass. An examination of his throat by physicians of that institution proved negative. He left the hospital as soon as the examination was completed and immediately consulted his lawyer. He claims that three or four days later he passed a particle of glass in his stool and he offers in evidence this small piece of glass as well as the Coca-Cola bottle which also contains some small particles of glass.

To substantiate his story, plaintiff produced two employees of the Four Brothers Restaurant (the vendor of the Coca-Cola). These witnesses state that the plaintiff camplained that there was glass in the bottle. One of them did not examine the Coca-Cola. The other one states that, while plaintiff showed him the bottle with a piece of glass in it, the glass which he saw in the bottle was much larger than the glass contained in the exhibit produced by plaintiff on trial of the case. The testimony of these witnesses is, for the most part, nothing more than a recital of the fact that plaintiff made a complaint.

We are not favorably impressed with the genuineness of plaintiff's testimony. In his petition, he avers that he was a longshoreman at the time of his supposed injury and that he was earning $2.50 per day. In his statement to physicians at the Charity Hospital, he asserted that he was a saker. On the witness stand, under cross-examination, he testified that he had worked for a man named Sullivan for sixteen years as a house boy at $2.50 per day, working an hour or so each day cleaning up Sullivan's apartment and driving his automobile. When asked the name of the street on which Sullivan lived and the number of the house, he was unable to give this information.

In the case of Russo v. Coca-Cola Bottling Co., 161 So. 909, 910, we said:

"In considering whether such an accident actually occurred, it is well to bear in mind that the manufacturer necessarily can have no means of disproving by eyewitnesses that the occurrence alleged actually took place. In such circumstances, plaintiff's evidence should be most carefully scrutinized, especially when, as here, the evidence of defendant shows that because of the extreme care employed in the course of manufacture and in the course of bottling, it is, though not impossible, highly improbable that a foreign substance could have entered into the article."

 Applying this test to the evidence tendered by plaintiff in the case at bar, we entertain considerable doubt that the bottle contained glass at the time plaintiff drank from it, or (if it did contain glass) that he swallowed any of it.

The judgment appealed from is therefore affirmed.

Affirmed.