### DYE v. AMERICAN BEVERAGE CO., Inc., et al.
### No. 17276.

Court of Appeal of Louisiana. Orleans.

March 11, 1940.

Rehearing Denied April 22, 1940.

Writ of Certiorari Denied May 27, 1940.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for appellant.

Leslie P. Beard, of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff, Mrs. C. A. Dye, claiming that she was rendered ill as a result of consuming the contents of a bottle of Royal Crown Cola which contained a foreign and unwholesome substance, brought this suit against the American Beverage Company, Inc., the manufacturer and distributor of the soft drink, and its liability insurance carrier, Central Surety & Insurance Corporation, for the recovery of damages in the sum of $300.

The defendants disclaim any knowledge whatsoever of the occurrence alleged in plaintiff's petition and call upon her for full proof of the allegations set forth therein.

After a trial of the case on its merits in the First City Court of New Orleans, the judge, apparently being of the opinion that plaintiff had failed to make out a case, dismissed her suit. She has prosecuted this appeal from the adverse decision.

In the trial court, plaintiff testified in substance as follows: That, on March 27, 1939, at about eight p. m., while she and her sister were patrons at the Fair Keno Hall, a gambling house located in the City of New Orleans, she purchased from the soft drink stand operated by the proprietors of the keno hall a bottle of Royal Crown Cola (which is manufactured and distributed by the defendant American Beverage Company, Inc.); that, immediately after making the purchase, she returned to the keno table and drank a part of the contents of the bottle; that, as she did so, she became aware that there was something slimy and hard in her mouth; that she commenced to choke and spit out the hard substance and the slime; that she became nauseated and went to the lavatory where she vomited; that she remained in the lavatory about ten minutes; that she showed the bottle to the employee of the keno hall from whom it had been purchased and that, upon examination of its contents by him, several other persons and herself, it was found that there was a foreign substance in the beverage. She declares that, shortly after the occurrence, she went home with her sister; that she was ill during the balance of that night and part of the next day; that, on the following afternoon, she brought the bottle containing part of the contents of the beverage to the plant of the American Beverage Company and was there informed by the Manager, Mr. Bartels, that he could not determine what was in the bottle but that whatever the substance was, he was sure it was not in the bottle at the time it left the plant; that, when she left the plant of the defendant company, she visited the office of her attorney; that the latter advised her to have the contents analyzed and that, in accordance with his instructions, she took the bottle to the State Board of Health where an analysis of the contents was made.

The testimony of the plaintiff as to the fact that she became ill after drinking from the bottle of Royal Crown Cola is corroborated by the testimony of her sister, Mrs. Venita Miller, Henry Hagmann, an employee of the Fair Keno Hall, who sold the beverage to her, and Gerald C. Slaughter, a patron of the keno hall who was a witness to the occurrence. These witnesses also state that they examined the contents of the bottle shortly after the plaintiff drank from it and discovered that there was a foreign substance in the beverage.

The plaintiff also produced the evidence of Dr. C. L. Clay, chief analyst of the Louisiana State Board of Health, who made a chemical analysis of the contents

of the bottle at plaintiff's request. Dr. Clay states that his examination disclosed that there was a foreign substance contained therein which appeared to be vegetable matter. He further says that he found one foreign particle approximately a half to three quarters of an inch in length and various other smaller particles in the beverage.

The only evidence produced by the defendants, which is worthy of note, is of a negative character. Mr. Bartels, President of the American Beverage Company, testified at length concerning the manufacture of Royal Crown Cola. He stated that the plant is equipped with modern machinery and that the sanitary methods employed in bottling the beverage are such that there is only a slight possibility that foreign matter could enter it during the process of manufacture. It also appears that the trial judge visited the plant of the beverage company and it is evident from his conclusion in the case that he was indelibly impressed with the sanitary condition of the place and the careful manner in which the products are prepared.

■■ It will be seen from the foregoing that the question to be decided is solely one of fact, i. e.: Did the bottle from which plaintiff drank contain foreign matter and, if it did, was plaintiff injured as a result thereof? We have many times said (see Hill v. Louisiana Coco-Cola Bottling Co., La.App., 170 So. 45, Russo v. Louisiana Coco-Cola Bottling Co., La.App., 161 So. 909, and other cases) that, where the plaintiff shows by a preponderance of evidence that the beverage contained a foreign substance, that he consumed it and suffered injuries as a result, the burden of proof shifts to the defendant to excuse itself from liability by proving to the satisfaction of the court that the foreign matter did not enter the beverage during the bottling or manufacturing process. In the case at bar, we believe that plaintiff has made out a prima facie case and that she has proved, by a fair preponderance of evidence, not only that the bottle of Royal Crown Cola from which she drank contained a foreign substance but that she was rendered ill as a direct result of its consumption. As a consequence, it was incumbent upon the defendants to show that the matter found in the bottle did not enter its product during the manufacturing process. The evidence submitted by them, to the effect that the beverage company operates a modern and sanitary plant and that it is quite improbable that the foreign matter could have entered the product during the process of manufacture, is not, of itself, sufficient to offset the positive testimony submitted by the plaintiff and her witnesses which, after careful scrutiny, we find to be worthy of belief and to authorize the conclusion that she was rendered ill as a result of the negligence of the beverage company. See Ogden v. Rosedale Inn, La.App., 189 So. 162.

■ While we are of the opinion that the defendants are liable, it is obvious from a reading of the plaintiff's testimony that the damages sustained by her are negligible. She states that, after she drank the Royal Crown Cola, she became nauseated and vomited and that she was ill and weak for sometime thereafter. Notwithstanding this, she was well enough on the following day to visit the plant of the American Beverage Company and the office of her lawyer. She further says that, since her unpleasant experience, she has lost her taste for soft drinks.

In Ogden v. Rosedale Inn, supra, we permitted three of the plaintiffs, who were sick for two or three days as a result of eating unwholesome food, the sum of $50. After giving due consideration to all of the elements of damage claimed by plaintiff in this case, we find that her injuries are somewhat similar to those sustained by three of the plaintiffs in the Ogden case and we accordingly grant to her an award of $50 which we believe will fully compensate her for the inconvenience and suffering she endured as a result of the accident.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Mrs. C. A. Dye, and against the defendants, American Beverage Company, Inc., and the Central Surety and Insurance Corporation, in solido, for the full sum of $50 with legal interest thereon from judicial demand and all costs.

Reversed.