Jeff Evans, an elderly negro man who had no regular employment and performed house and yard work whenever available, died by reason of burns sustained on June 15, 1939.
He, during the morning of that date, was engaged in cleaning with gasoline the kitchen floor of a house in the City of Shreveport, partly occupied by Arch R. Campbell and his wife and being the separate property of said wife, when that inflammable substance became ignited and the flames enveloped him. His death followed about a week later at the hospital to which he was carried immediately after the accident.
Fannie Evans, the wife of decedent and from whom he had been living separate and apart for about three years, brings this action against Arch R. Campbell demanding an award of damages for the death of her husband. Mrs. Campbell is not impleaded as a defendant.
Plaintiff alleges that Mr. Campbell employed and instructed Jeff Evans to clean the floor of his kitchen with gasoline, assuring him that the light under the hot water heater located in that room was extinguished; and that while performing the assigned task, "the said fire was caused by the igniting of the gasoline from the pilot light of the water tank which defendant had neglected to turn off as he had promised petitioner's husband that he would do."
Defendant in his answer, denies categorically the allegations of the petition, and he avers that decedent alone was responsible for his injuries.
The demands of plaintiff were rejected and the suit dismissed.
The trial judge concluded, as is disclosed by his well considered written opinion, that there was no showing that Mr. and Mrs. Campbell knew or should have known that the aged negro intended to use gasoline in his cleaning of the kitchen floor. Additionally, he held that decedent was employed by Mrs. Campbell and apparently was to be paid by her, and considering this, together with the further fact that she owned the dwelling and had it under her separate administration and control, defendant is not liable for her tort, if any there was.
Plaintiff appealed from the judgment.
The house in question, so the evidence discloses, is known as a duplex, it containing two apartments. Defendant and his wife reside in one of these, while the other, vacant at the time of the tragic occurrence, serves for rental purposes.
About once each month, during a period of one and one-half years, decedent called at the house seeking odd jobs, and usually he was permitted to clean and wax defendant's *Page 92 
automobile. On one occasion he washed windows.
Early of the morning of June 15, 1939, Mrs. Campbell, after arising, found Jeff Evans sitting on the back steps soliciting work to perform. She informed him that her husband, who was then asleep in as much as he had worked until 3:00 o'clock that morning, wanted his car polished. This task was begun, after he had been furnished rags and polish; and she commenced dressing preparatory to going to a business establishment where she was employed daily.
On leaving the house for her place of employment shortly after 8:00 o'clock, while the servant was cleaning the car, she asked him if he could wax floors. An affirmative reply was given. She then provided some cleaning powder, stating that the required wax would be sent from the store, and instructed his waxing of the kitchen floor in the vacant apartment.
Defendant arose about 9:00 o'clock, at which time he ascertained that the plumbing in his bath room was in disorder. With the remedying of this condition in mind he went into the back yard where he met decedent who stated that some gasoline was needed. The sum of twenty-five cents was provided for it.
Without defendant's knowledge, the employee carried a tub of gasoline into the mentioned kitchen and began scrubbing the floor with it. While so engaged, the vapors therefrom became ignited and the burns resulted. Presumably they were set afire by the pilot light in the hot water heater standing about fifteen feet from the tub. Defendant suggested the possibility that a lighted cigar smoked by the workman caused the ignition but the evidence does not preponderately support this theory.
With clothes ablaze, decedent ran from the house yelling fire and calling to defendant, who was then in the bath room of the other apartment with a plumber to remove the gasoline. Defendant sought to retrieve the tub and he was also burned. Both persons were hospitalized immediately after the accident.
Mrs. Campbell is emphatic in her testimony that she never used gasoline on floors, her method of cleaning being by mopping; and that for the cleaning process she supplied Jeff Evans with powder and rags. She further said that no instruction to buy gasoline or to use it on the floor was given, and there was no discussion with him about extinguishing the pilot light under the hot water heater.
Mr. Campbell, so he testified positively, knew nothing of the arrangements made by his wife for the cleaning of the kitchen floor; and he had no knowledge that decedent was inside the house until after the fire occurred. Furthermore, he supposed, when providing money for the purchase of gasoline, that the liquid would be used for automobile cleaning purposes, particularly in the removing of grease.
The record contains no evidence supporting the allegations of negligence of plaintiff's petition and contradicting the testimony of Mr. and Mrs. Campbell, notwithstanding that the mentioned plumber and a negro cook employed by the Campbells, both of whom were in the house when the fire occurred, were called as witnesses for plaintiff. Consequently, in the absence of proof disclosing fault on defendant's part and its connection with the accident, recovery of damages is unwarranted. A judgment predicated on possibilities or probabilities will not be granted.
Inapplicable here is the recognized principle of law, relied on by plaintiff's counsel, that a duty devolves on the employer to use care in providing an employee safe appliances and a safe place in which to work. No defect appears to have existed in either the premises where decedent was working or in the hot water heater. It was only by reason of the unauthorized use of the gasoline that the accident occurred.
Should it be conceded arguendo that the doctrine of res ipsa loquitur is applicable, as counsel for plaintiff contends, the judgment herein would not be otherwise. The effect of that doctrine, when it applies, is to place on defendant the burden of overcoming the rebuttable presumption of his negligence. By a preponderance of evidence, we think, the defendant in the instant case has proved that he was not negligent.
Unnecessary to consider is the legal question presented by the property's belonging to the separate estate of Mrs. Campbell, who is not a party defendant in the cause, that was passed upon by the district court.
The judgment is affirmed. *Page 243