Plaintiff, a colored woman, was injured by falling as she alighted in the daytime from defendant's electric trolley car or bus at the intersection of Smith Avenue and DeSiard road, and sues to recover from the city a large amount of damages. The specific act of negligence charged to the bus operator is that after stopping the vehicle at said intersection to allow passengers to alight, he put it into gear and drove forward when plaintiff was on the rear step preparing to leave the bus, which movement caused her to lose balance and fall forward upon the loose gravel surfacing Smith Avenue.
Defendant denies that its operator was to any extent or in any manner negligent in the operation and/or starting of the bus; and avers that if plaintiff fell and sustained injury, as alleged, it was entirely due to her own fault and carelessness in that she did not exercise reasonable care and caution while leaving the bus, and in allowing her attention to be drawn from the situation surrounding her at the time.
Judgment for $300 for physical pain and suffering, plus $31 incurred in treating plaintiff's injuries, was awarded her. The city appealed. Plaintiff, answering the appeal, *Page 20 
prays for increase in the quantum of judgment.
Counsel for the city do not seriously contend that the charge of negligence against the bus operator has not been established. In their brief it is said: "We are frank to say that the facts are not very favorable to the City."
They argue that plaintiff was only slightly injured and that the award to her is really excessive.
Plaintiff's testimony, corroborated by that of another passenger who alighted ahead of her, makes it certain that the bus moved forward as she was attempting to leave it and that she was thrown forward upon the gravel on Smith Avenue, landing on all-fours.
Plaintiff was the last of four women passengers to alight from the bus, two of whom had their backs to her when she fell, but hearing the noise of the fall, turned and saw her upon her knees and hands. The operator did not know that plaintiff fell. The bus was crowded with passengers seated and standing and his view toward the rear door through which the four women made exit, was materially obstructed by standing passengers.
Plaintiff was a paid passenger. Her own testimony supported, as above stated, at least made out a strong prima facie case in her favor. This testimony proves that the contract of carriage was breached. The burden in such circumstances passed to defendant to absolve its agent from the imputation of negligence arising from plaintiff's testimony if it would avoid responsibility to her. This, the defendant has not done. Wallace v. Shreveport Railways Company, La.App., 175 So. 86.
Plaintiff promptly reported the accident to an official of the city connected with the operation of its trolley lines and was advised by him to consult Dr. Guerriero who examined her physically, dressed her wounds and made X-ray picture of one of her hips. This physician also examined plaintiff the day of trial which was three and one-half months subsequent to the accident. After being examined by Dr. Guerriero, plaintiff consulted other physicians and was treated by some of them and other X-ray pictures of portions of her body were made. In describing the result of his examination of plaintiff, Dr. Guerriero testified as follows:
"* * * My conclusions were, from my first examination and last, that she suffered contusions to the soft tissues about the knee joints, with abrasion of the leg below the knee cap and a contused left hip. I had or rather requested Dr. W.L. Smith to X-ray her left hip joint and I noticed in the picture that he included the pelvis and the lower two lumbar vertebrae. I have studied these pictures myself and they show no signs of fractured or dislocated bone.
"Q. Doctor Guerriero, I believe the substance of your testimony would be that the only injury which you found was the abrasion or contusion of the knees and some bruises or contusions of the hip, the left hip? A. That is right."
The testimony of other physicians does not materially differ from that given by Dr. Guerriero. All of such testimony discloses that no bones were broken or fractured and no serious strains were caused by the fall. Plaintiff's injuries will in no wise be permanent. Doubtless, being thrown to the street upon hands and knees, she was jolted to a considerable extent and shocked, but as no part of the body proper contacted the ground, it is reasonable to assume, as the testimony shows to our satisfaction, there resulted no injury beyond that found by Dr. Guerriero.
Plaintiff testified that she has experienced serious pain and suffering since the accident, which, she says, was intermittent to day of trial, and that she had been unable to work since the accident occurred. She earned $5 per week from washing and ironing for a private family. Accepting her testimony as correct, she lost in wages to date of trial approximately $75. We think the $300 fairly well compensates her for the pain and discomfort she has experienced and that she is entitled to $75 additional for loss of wages.
For the reasons herein assigned, the judgment appealed from is amended by increasing the amount thereof to $406, and as thus amended, it is affirmed with costs. *Page 21