46 So.2d 695 (1950)
NICHOLS
v.
LOUISIANA COCA-COLA BOTTLING CO., Ltd.
No. 19380.
Court of Appeal of Louisiana, Orleans.
May 29, 1950.
*696 Frank T. Doyle and Nicholas Masters, New Orleans, for appellant.
James G. Schillin, New Orleans, for appellee.
JANVIER, Judge.
Plaintiff, Mrs. Bertha L. Nichols, claiming that she suffered illness as a result of consuming substantially the entire contents of a bottle of coca-cola which contained a foreign substance, brought this suit against the Louisiana Coca-Cola Bottling Company, Ltd. for the recovery of damages in the sum of $2,000.00.
Defendant answered substantially denying the allegations of the petition and pleaded as a special defense that the Louisiana Coca-Cola Bottling Company's plant is equipped with the most modern and scientific machinery for the purpose of bottling its product, therefore, defendant maintains that it is a physical impossibility for any foreign substance to find its way into the coca-cola or ultimately into the bottles and, if the plaintiff was rendered ill as alleged, then defendant avers that said foreign substance was not in the bottle of coca-cola when it left defendant's plant and when it was delivered to the dealer, and that if any foreign substance was present in the bottle, this occurred only after the bottle had passed into the possession of third parties, and was, therefore, beyond the control of the defendant.
The court, a qua, rendered a judgment in favor of plaintiff in the amount of $250.00; hence this appeal by defendant.
The record reveals that plaintiff is employed in the lace department of Marks Isaacs Company, a store located in the City of New Orleans. In the morning of April 23, 1948, plaintiff, and Miss Marian Ruiz, an employee of the glove department, visited "the canteen", which is located on the fourth floor of Marks Isaacs, seated themselves at a table and each purchased a bottle of coca-cola. Plaintiff had almost consumed the contents of her bottle when her companion, Miss Ruiz, observed a foreign substance in the bottle, which, upon closer examination, had the appearance of a roach. In her testimony concerning this incident, Miss Ruiz stated:
"`Bertha, you have something at the bottom of the coke bottle, it looks like it is corroded.' She saidall stuck together, in other wordsshe said, `Well,' she looked at it, and wiped the bottom off, and noticed it was at the bottom, it was in the bottom, and she had some small little pieces on her mouth; so I looked at it; and the proprietor looked at it; and everybody in the canteen; and he said it was a roach and like ants all stuck around the bottle. So I mean that's what happenedand I had to go back downstairs; and she went to the ladies dressing room, because she was feeling sick; and I didn't drink hardly any more coke after that, because I was afraid I might get a roach, too."
Plaintiff's response to Miss Ruiz' observation of this foreign substance contained in the bottle of coca-cola which she was drinking is revealed by the following testimony of plaintiff:
"Well, we usually have a 15 minute rest period in the morning at Marks Isaacs, and there is a canteen on the fourth floor for the employees; we usually go up there and get a coke or sandwich or something; I was sitting down there drinking my coke; in fact, I had drank the whole bottle when Miss Ruiz looked at me and wanted to know what was on the bottom of the bottle; I told her I didn't know; I passed my hand, and she said, `Oh, My God, it's on the inside.' I looked on the inside; you could see where it looked like one of these great big flying roaches had been lying on the bottom of the bottle, and all the matter was around it; and after I had drank it, it kind of made me upset. I couldn't go home, because I had to stay down in the department by myself, in the lace department."
After consuming the coca-cola plaintiff experienced symptoms of impending nausea which suggested visiting the lavatory where she regurgitated and suffered the usual ill effects therefrom. Plaintiff further testified that Miss Ruiz did not accompany her to the lavatory because the rest period of *697 fifteen minutes afforded to employees of Marks Isaacs had expired and it was imperative that Miss Ruiz return to her department. Plaintiff further testified that the illness which resulted from the consumption of the coca-cola persisted for a period of approximately two weeks, during four or five days of which she experienced nausea and regurgitation; that she did not eat or drink anything during this time because of the persistence of the nausea; that she did not miss any time from work due to this illness nor did she, in order to obtain relief, consult a physician, but used medication of her own selection.
Defendant, in addition to pleading the special defense set forth hereinabove, maintains in its brief that:
"It is evident from plaintiff's petition that there is no effort made to charge defendant with specific acts of negligence. The right to recover is apparently based on the contention that the doctrine of res ipsa loquitur is applicable.

* * * * * *
"An examination of the jurisprudence * * * will show that plaintiff must by clear and convincing testimony, satisfactorily prove three facts in order to invoke the doctrine of res ipsa loquitur. These may be enumerated as follows: 1) It must be shown that the bottle contained a foreign ingredient which caused the injury; 2) there must be an actual injury; and 3) it must be shown that the bottle had not been improperly handled or tampered with after it left the bottler's possession.
"Needless to say, that plaintiff failing to comply with any one of these requirements does not make out a `prima facie' case of liability against the bottler and the doctrine is not applicable. * * *
"In the instant case, there was some effort made to show that there was a foreign ingredient in the bottle and that she was rendered ill. However, the record will bear out the fact that there was not a shred of evidence introduced which could be construed as tending to prove the third essential requirement, that is, that the bottle had not been improperly handled or tampered with after it left the bottler's possession."
In our opinion defendant is correct in its contention and the record confirms the fact that there was not a shred of evidence introduced which could be construed as either proving or tending to prove the essential requirement, that the bottle had not been improperly handled or tampered with after it left the bottler's possession.
In order to comply with the requirement of, at least, constructive custody, so as to invoke the doctrine of res ipsa loquitur, the plaintiff has a fixed obligation of proving such custody by a clear showing that, from the time of delivery until the beverage reaches the possession of the customer, that there has been no mishandling or tampering with the bottle of coca-cola in question, otherwise one of the essential elements of the doctrine is not present and it, therefore, cannot be invoked.
Our colleagues from the Second Circuit, in the case of Gunter v. Alexandria Coca-Cola Bottling Company, Ltd., La.App., 197 So. 159, 162, said: "Appellants invoke the res ipsa loquitur doctrine. It has been held to have proper application in a case of this character. The proof adduced by plaintiffs did not make out a prima facie case for them, therefore, no comfort is afforded them because of the relevancy of the doctrine to cases of this kind."
The Courts of this State have consistently and without deviation held the manufacturer and bottler of beverages to an exceedingly high degree of care; and yet, by the same token, the courts have always borne in mind that the manufacturer and bottler of beverages, by virtue of the circumstances under which the alleged illness or injury occurs, can have at his disposal no adequate means of disproving by eyewitnesses that the alleged incident actually transpired. Therefore, in a case in which the doctrine of res ipsa loquitur has been invoked, by specifically pleading the said doctrine or by setting forth facts which, by their very nature, warrant the application of the said doctrine, safeguards have been erected and, in order to establish his case, the plaintiff must allege and prove three separate and distinct factual requisites, to-wit: 1) that the beverage contained a foreign ingredient which caused *698 the injury; 2) there must be an actual injury; and 3) that the bottle had not been improperly handled or tampered with after it left the bottler's possession.
Plaintiff made no effort to show delivery of the coca-cola by defendant to the proprietor of the canteen in Marks Isaacs, nor did she trace the bottle from the time of delivery to the canteen until such time as it was consumed by her.
It is true that in one case, Freeman v. Louisiana Coca-Cola Bottling Company, La.App., 179 So. 621, 622, this Court said: "* * * that it is incumbent upon the defendant to prove, by a preponderance of evidence, that the foreign substance did not enter its product as a result of its negligence."
But we said that only after we had reached the conclusion that the doctrine of res ipsa loquitur applied to that case. And we could not have reached that conclusion without first finding that, among other things, the plaintiff had shown that the bottle had not been tampered with between the time it left defendant's establishment and the time it was opened for him. It is true that after those things have been shown by the plaintiff, then the doctrine of res ipsa loquitur applies, and because of its application the defendant must prove that the foreign substance found in the bottle did not enter as the result of the negligence of the defendant.
In view, therefore, of the fact that the record does not contain one scintilla of evidence which can be construed as tending to prove the essential requirement that the bottle had not been improperly handled or tampered with after it left the bottler's possession, we are of the opinion that plaintiff has failed to establish a prima facie case of negligence against the defendant therein.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendant, Louisiana Coca-Cola Bottling Company, dismissing plaintiff's suit at her cost.
Reversed.
REGAN, Judge (dissenting).
The majority opinion holds that the doctrine of res ipsa loquitur is applicable to the instant case and, therefore, to entitle plaintiff to recover he must allege and prove three separate and distinct factual requisites, to-wit: 1) that the beverage contained a foreign ingredient which caused the injury; 2) there must be an actual injury; and 3) that the bottle had not been improperly handled or tampered with after it left the bottler's possession; and that in the instant case the third requirement was not proved by plaintiff, which is fatal to his cause, and therefore, plaintiffs has failed to establish a prima facie case of negligence against the defendant herein.
I find myself unable to share this view with my colleagues. In my opinion if the plaintiff successfully proves, as she did in this case, (1) that the beverage contained a foreign substance; (2) that the plaintiff partook of the contents of the bottle and (3) that injury resulted, the defendant then bears the burden of rebutting the prima facie case of negligence thus established against it by plaintiff in order to escape liability. Doyle v. Fuerst & Kraemer, Ltd. 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480, Ann.Cas.1913B, 1110; Freeman v. Louisiana Coca-Cola Bottling Company, La.App., 179 So. 621; Dye v. American Beverage Company, La.App., 194 So. 438; Mayerhefer v. Louisiana Coca-Cola Bottling Co. et al., La.App., 45 So.2d 442; 4 Louisiana Law Review 70.
In Dye v. American Beverage Company, supra, a case remarkably analagous to the instant case, both by virtue of the facts therein contained and the omission in the pleadings of any special reference to the doctrine of res ipsa loquitur, this court, through Judge McCaleb, observed that:
"It will be seen from the foregoing that the question to be decided is solely one of fact, i. e.: Did the bottle from which plaintiff drank contain foreign matter and, if it did, was plaintiff injured as a result thereof? We have many times said (see Hill v. Louisiana Coca-Cola Bottling Co., *699 La.App., 170 So. 45, Russo v. Louisiana Coca-Cola Bottling Co., La.App., 161 So. 909, and other cases) that, where the plaintiff shows by a preponderance of evidence that the beverage contained a foreign substance, that he consumed it and suffered injuries as a result, the burden of proof shifts to the defendant to excuse itself from liability by proving to the satisfaction of the court that the foreign matter did not enter the beverage during the bottling or manufacturing process. In the case at bar, we believe that plaintiff has made out a prima facie case and that she has proved, by a fair preponderance of evidence, not only that the bottle of Royal Crown Cola from which she drank contained a foreign substance but that she was rendered ill as a direct result of its consumption. As a consequence, it was incumbent upon the defendants to show that the matter found in the bottle did not enter its product during the manufacturing process. The evidence submitted by them, to the effect that the beverage company operates a modern and sanitary plant and that it is quite improbable that the foreign matter could have entered the product during the process of manufacture, is not, of itself, sufficient to offset the positive testimony submitted by the plaintiff and her witnesses which, after careful scrutiny, we find to be worthy of belief and to authorize the conclusion that she was rendered ill as a result of the negligence of the beverage company. See Ogden v. Rosedale Inn, La. App., 189 So. 162." [194 So. 440]
I am further of the opinion that the requisite enumerated as No. 3 in the majority opinion is, by its very nature, an allegation to be plead and proven by defendant in rebuttal of plaintiff's prima facie case. If, on the other hand, plaintiff alleges and proves this fact (which proof has been offered by plaintiffs in many Louisiana cases) the evidence is cumulative and, of course, in the final analysis, strengthens plaintiff's case. In the instant case defendant did specially plead that the foreign substance was not in the bottle of coca-cola when it left defendant's plant and when it was delivered to the dealer, and that if any foreign substance was present in the bottle, this occurred only after the bottle had passed into the possession of third parties, and was, therefore, beyond the control of the defendant.
The record is totally devoid of any positive evidence offered by defendant to substantiate this special plea. It occurs to me that if defendant was in possession of sufficient facts to substantiate this special plea, it would have, at least, endeavored to introduce them into the record. The record is barren of any effort on the part of defendant to even interrogate the proprietor of the canteen in Marks Isaacs along these lines. In Dye v. American Beverage Company, supra, we said: "The only evidence produced by the defendants, which is worthy of note, is of a negative character. Mr. Bartels, President of the American Beverage Company, testified at length concerning the manufacture of Royal Crown Cola. He stated that the plant is equipped with modern machinery and that the sanitary methods employed in bottling the beverage are such that there is only a slight possibility that foreign matter could enter it during the process of manufacture."
In Meyerhefer v. Louisiana Coca-Cola Bottling Company, supra, we said:"The evidence submitted by defendants is to the effect that the defendant Bottling Company operates a most modern scientific and sanitary plant and that it is quite impossible that a foreign substance could have entered the product during the process of manufacture, but, the same evidence also revealed that after the bottles are filled defendants have employees to carefully examine each bottle through reflected light to ascertain if any deleterious substance is present therein. If it is impossible for any foreign substance to enter the bottle or to remain there while the bottle is processed through the washing and filling plant, it occurs to us that it would be a vain and unnecessary gesture to have employees to diligently observe the filled bottles passing through reflected light, patiently waiting for an impossible event to occur. [45 So. 2d 445]
In passing I consider it worthy of note that this case affords an excellent illustration *700 of the difficulty experienced in any attempt to distinguish a case of res ipsa loquitur from other instances of proof by inference.
I am of the opinion that the plaintiff has established a prima facie case of negligence which the defendant has failed to rebut.
I respectfully dissent.