HAWTHORNE, Justice (dissenting).
The majority opinion quotes the following from the opinion of the Court of Appeal in the instant case, which statement was taken by the Court of Appeal from the case of. Dye v. American Beverage Co., Inc., La.App. 194 So. 438, 440, and by it quoted with approval: “ ‘ * * * where the plaintiff shows by a preponderance of the evidence that the beverage contained a foreign substance, that he consumed it and suffered injuries as a result, the burden of proof shifts to the defendant to excuse itself from lidbility by proving to the satisfaction of the court that the foreign matter did not enter the beverage during the bottling or manuf acturing process.’ ” (Italics mine.)
For the doctrine of res ipsa loquitur to be applicable in a case such as this one, that is, where the instrumentality is in the possession of the paintiff, the jurisprudence of this state is to the effect that the plaintiff carries the burden of establishing by a preponderance of the evidence three factors, to-wit: (1) That the plaintiff was actually injured; (2) that the instrumentality was the cause of the injury, and (3) that the instrumentality had not been improperly handled or had not been tampered with after it left the manufacturer’s possession. Ortego et al. v. Nehi Bottling Works et al., 199 La. 599, 6 So.2d 677; Hake et al. v. Air Reduction Sales Co., 210 La 810, 28 So.2d 441; Jenkins et al. v. Bogalusa Coca Cola Bottling Co., Ltd., et al., La.App., 1 Cir., 1 So.2d 426; White v. Coca-Cola Bottling Co. et al., La.App., 2 Cir., 16 So.2d 579; Piacun v. Louisiana Coca-Cola Bottling Co. et al., La.App., Orleans, 33 So.2d 421.
*329 In the Hake case, supra, this court said: “ * * * Thus, in actions for damages resulting from exploding bottles of carbonated beverages and from leakage of drums of acid, the exclusive possession and control of the instrumentalities by the respective manufacturers is not a requirement. It is important though in an action of that type, and a condition precedent to the application of the doctrine, that the plaintiff prove freedom of fault on the part of all through whose hands the instrumentality passed after it left the manufacturer. When this proof is made, negligence of the defendant is inferred from the happening of the accident, and to escape liability it must overcome the inference. * * * ” [210 La. 810, 28 So.2d 445.]
In the Ortego case, supra, this court approved the view of the Court of Appeal in the case of Lanza v. De Ridder Coca Cola Bottling Co., La.App., 3 So.2d 217, and quoted the following therefrom: “ * * * ‘With this proof [that the bottle was not improperly handled after it left the possession of the defendant company], plaintiff made out a prima facie case of negligence against the defendant as it must be assumed that a bottle will not explode when properly handled unless there is some defect in the bottle or improper charging or mixture of the contents.’ (Italics and brackets ours.)” [199 La. 599, 6 So.2d 679.]
The statement quoted in the majority opinion is to the effect that for the doctrine of res ipsa loquitur to be applicable the plaintiff must show by a preponderance of the evidence only two things, (1) that the beverage contained a foreign substance, and (2) that he, plaintiff, consumed it and suffered injuries as a result, and that upon showing these two factors the burden then shifts to the defendant to prove that the foreign matter or substance did not enter the beverage during the bottling or manufacturing process. This statement omits entirely the third step required by the jurisprudence of this state before the burden shifts to the defendant, that is, that the plaintiff must prove freedom from fault on the part of all those through whose hands the instrumentality passed after it left the manufacturer.
The instant case was decided by the Court of Appeal for the Parish of Orleans on March 27, 1950. See 45 So.2d 442. The Court of Appeal there held that the plaintiff had made out a prima facie case by proving by a preponderance of the evidence that the bottle of coca-cola from which he drank contained a deleterious substance, and that he, plaintiff, was rendered ill as a direct result of its consumption, and that, when plaintiff had proven these two factors, it then was incumbent upon the defendant to show that the matter found in the bottle did not enter the beverage during the manufacturing process. *331 In other words, this opinion held that it was not necessary for the plaintiff to establish by a preponderance of the evidence the freedom from fault on the part of all through whose hands the instrumentality passed after it left the manufacturer before the burden shifted to the defendant.
Approximately two months after this opinion was rendered by the Court of Appeal, the case of Nichols v. Louisiana Coca-Cola Bottling Co., Ltd., was decided by the same court, 46 So.2d 695, but with a different judge as its organ. The decision in the later case by that court followed the uniform jurisprudence for application of the doctrine of res ipsa loquitur under facts such as those in the instant case and repudiated its opinion in the Mayerhefer case. In the later case the organ of the court in the prior case dissented, adhering to his views expressed therein.
A writ was granted in this case, and it is before us under our supervisory1 jurisdiction, for the reason that the Court of Appeal in this case refused to follow the uniform jurisprudence with reference to the applicability of the doctrine of res ipsa loquitur in cases of this nature, and, after the writ was granted, the Court of Appeal for the Parish of Orleans returned to, and is following, the jurisprudence as established by this court. See the Nichols case, supra.
The majority opinion concludes: “We are convinced, as was the appellate court, that the plaintiff has proven the factual requirements for the rule of evidence — res ipsa loquitur — to be applied. There is nothing further to consider save the quantum * *
Conceding that plaintiff has proven the necessary factors for the application of the doctrine of res ipsa loquitur, I cannot agree that there is nothing further to consider save the quantum. As I understand the doctrine, it is simply a rule of evidence, and, where applicable, it has the effect of merely shifting the burden of proof to the defendant, and in a case such as the instant one to excuse itself from liability defendant must prove or establish by a preponderance of the evidence that the foreign substance did 'not enter the beverage during the bottling or manufacturing process. The majority opinion by its conclusion would have the effect of denying to a defendant the right to attempt to establish by a preponderance of the evidence its freedom from .negligence, as it has a right to do under the jurisprudence of this state.
I respectfully dissent.