### WATKINS v. GREAT AMERICAN INDEMNITY CO. OF N. Y. et al.

Civ. A. No. 3226.

United States District Court
W. D. Louisiana, Opelousas Division.

Aug. 4, 1951.

Dufour, St. Paul & Levy, Titche & Titche, New Orleans, La., for plaintiff.

Davidson & Meaux, Lafayette, La., for defendants Varisco and Chester.

J. Frank Smith, Joseph Onebane and William M. Meyers, Lafayette, La., for defendant Great American.

DAWKINS, Chief Judge.

This is an action in tort involving the alleged collision of a motorcycle with a truck moving in opposite directions. Plaintiff's claim of liability on the part of defendants is set forth in the complaint as follows:

"IV.

"That the said truck and trailer for reasons unknown to your petitioner, suddenly and negligently swerved from its right hand side of the highway, crossed the center line of the highway and struck and seriously injured your petitioner who was then riding his motorcycle on his right hand side of the highway and petitioner, therefore, specially pleads the doctrine of res ipsa loquitur.

"V.

"That in the alternative and without waiving the doctrine of res ipsa loquitur, petitioner alleges that the aforesaid accident and resulting injuries to himself were caused by the sole negligence of defendants, Nunzie J. Varisco and Alfred Chester, Jr., in the following respects:

"(a) That the aforesaid truck and trailer was being driven at an excessive rate of speed under the circumstances and conditions then existing.

"(b) That the driver of the aforesaid truck and trailer permitted it to go out of his control, cross the center line of the highway and strike petitioner."

Defendants have moved to strike Article 4 in its entirety and, in the alternative, the allegation: "* * * and petitioner therefore specially pleads the doctrine of res ipsa loquitur"; further, "in the alternative * * * to dismiss from the said complaint the count asserting this claim on the basis of the doctrine of res ipsa loquitur * * * on the ground that this principle does not apply to the present litigation and is prejudicial to defendants."

In view of the language of Article IV, thus quoted, it appears the claimant was confronted with a peculiar situation in which the defendant's truck and trailer suddenly turned "across the center line of the paved highway" and collided with the motorcycle, inflicting serious personal injuries upon plaintiff and damaging his cycle extensively. This situation on its face portrays circumstances quite abnormal and not to be expected, where two motor vehicles are traveling in opposite directions, in the early morning hours, presumably with headlights burning, and in full view of each other upon the highway. In the nature of things, normally, if the driver of the truck was not willing to inform plaintiff truthfully of what caused its sudden swerving out of its own proper lane of traffic, since the former alone possessed such information, there would be no other way in which the facts in that regard could be obtained. It would seem sufficient, therefore, to charge the known facts as to what the truck did, as has been

done, and from these an inference or presumption flows which, when unexplained by defendants, would justify a jury or court in finding negligence. This is true whether we call it res ipsa loquitur, prima facie case, or what not. The course alleged to have been pursued by the truck driver was certainly contrary to the rule of the road.

■ The thought here attempted to be conveyed was more ably expressed in Gilbert's Law of Evidence nearly two hundred years ago (1769) as follows: "When the fact itself cannot be proved, that which comes nearest to the proof of the fact is the proof of the circumstances that necessarily and usually attend such facts, and these are called presumptions and not proofs, for they stand instead of the proof of the fact until the contrary be proved." See, also, Dotson v. Louisiana Central Lumber Co., 1918, 144 La. 78, 80 So. 205; Horrell v. Gulf & Valley Cotton Oil Co., 1930, 15 La.App. 603, 131 So. 709; Wallace v. Shreveport Rys. Co., La.App.1937, 175 So. 86; Dye v. American Beverage Co., La.App.1940, 194 So. 438; Evans v. Campbell, La.App.1942, 9 So.2d 91; McFarland v. City of Monroe, La.App.1942, 11 So.2d 19; see, also, the exhaustive treatises, Res Ipsa Loquitur, Presumptions and Burden of Proof, by Mark Shain (1945), especially pages 120 et seq., in which a vast array of cases is cited both from federal and state courts.

■ The allegations in Article V evidently were for the purpose of charging such types of negligence as are usually alleged for want of better information as to what caused the accident and are not inconsistent with any other presumption of negligence which may flow from the doctrine of res ipsa loquitur.

Until the case is tried and the facts developed, this court cannot determine whether the doctrine or presumption mentioned will apply or not, or what it may have to charge the jury as to the law of the case. Its presence in the complaint can do no harm and may become necessary.

The motion to strike will, therefore, be denied.