GLADNEY, Judge ad hoc.
This action is brought by Mrs. Vira C. Gray against Morgan & Lindsey, Incorporated and Midwest Dairy Products Corporation to recover judgment in solido against the defendants.
Plaintiff claims that on June 27, 1950, she bought a dish of ice cream at the Monroe store of Morgan & Lindsey, who had purchased the ice cream so sold, as well as all other ice cream used by it, from Midwest Dairy Products Corporation; that after consuming one spoonful of the ice cream, *274 she felt a very rough substance passing down her throat; that upon taking another spoonful she realized she was chewing and swallowing a foreign substance and she immediately expelled the second spoonful of ice cream onto a napkin on the counter at which she was seated; that she found in the expelled ice cream small, fine, sharp and extremely hard pieces of glass or glass-like substances able to inflict cuts when brought in contact with the body of a person; that she was eating no other food at the time; that the Midwest Dairy Products Corporation made arrangements for plaintiff to receive medical attention and treatment, which was given for a period of ten days or two weeks; that she suffered extreme shock and nervousness and mental anguish as a result of thinking of the consequences which occur when glass is taken internally in the body; that she was unable to sleep satisfactorily for three weeks to a month after the accident and was not able to eat properly; 'and that the existence of glass in the ice cream which was served her constituted gross negligence on the part of the two defendants.
Both defendants filed exceptions of no cause and no right of action, which were overruled, and each answered, denying the material allegations of the petition. Morgan & Lindsey further answered saying that if this substance was in the ice cream as claimed by plaintiff, it was in the ice cream either prior to the time it was delivered to it, or else it got into the ice cream after it was delivered to and while it was in the possession of plaintiff. The defendant, Midwest Dairy Products Corporation, alternatively alleged that there was no glass or glass-like substance in any ice cream which it sold to Morgan & Lindsey, and if the court should find that the plaintiff did get a piece of glass or glass-like substance out of the ice cream she obtained in Morgan & Lindsey’s store, then in that event, the substance must have gotten into the ice cream after it was delivered to Morgan & Lindsey.
The exceptions of no cause and no right of action have not been argued on appeal and we assume they have been abandoned.
Plaintiff relies entirely upon the doctrine of res ipsa loquitur which she specifically pleads. Manifestly, if, as claimed, she found the substance in the ice cream, she would be without information of the source whence it came. However, in order for this doctrine to apply, it is essential for plaintiff by a preponderance of the evidence to first prove that she got the glass or glass-lilce substance from the ice cream she purchased at Morgan & Lindsey’s store. This is an issue seriously in dispute.
A number of witnesses were produced by plaintiff to describe the events surrounding the discovery of the glass. These witnesses were seated near her when she was eating the ice cream, but not a single one supported her statement that she got the glass out of the ice cream.
Mrs. Ben Hixon testified that Miss Bobbie Smith was seated next to Mrs. Gray and she was seated beside Miss Smith, both to the right of Mrs. Gray. These witnesses, who were nurses, testified that Mrs. Gray did not turn to them and say: “I am sorry, ladies, but I will have to spit this out and see what it is,” and also they denied saying: “Well, she sure swallowed that ice cream with glass in it, and it surely is glass that she spit out.” Both said they did not see Mrs. Gray expectorate any glass upon the napkin, nor did they see her get any glass out of the ice cream. Willie E. Summerall, Mrs. Clay Allbright,. and Miss Willie Mae Williams all testified they did not see plaintiff get any glass from the ice cream, nor did any one of them see her spit any ice cream on the napkin. The above mentioned are the only lay witnesses produced by Mrs. Gray with the single exception of Mrs. A. B. Crews, who was not present at the counter and knew nothing of the occurrence.
William M. Kelly, one of defendants’ witnesses, testified that he was sitting on the third stool from Mrs. Gray, to her left, and that he did not see her spit anything upon the napkin, though he examined the napkin after hearing plaintiff complain and found it to be dry. He says Mrs. Gray told the girl behind the counter that he, Kelly, saw her get the glass out of the ice cream, *275 and that he immediately told the girl he saw no such thing. Miss Margaret Germany, who served the dish of ice cream to plaintiff, heard Mrs. Gray tell some one she wanted to see the manager and sat there complaining that she had gotten something out of the ice cream. She says she didn’t see plaintiff get anything out of the ice cream.
Messrs. Lee, Tarver and Companionette, each representing one or the other of the defendants, who were summoned to the counter at the time of the occurrence, all testified to the effect that the napkin was perfectly dry, there being no evidence of moisture, ice cream or sputum. Tarver testified he examined the remaining contents of the dish of ice cream and found no glass in it. The ice cream in the container from which plaintiff’s serving was taken was put through a straining test and produced no glass or glass-lilce substances.
Each defendant produced witnesses who described in great detail just how the subject ice cream was manufactured and handled, especially the manufacturing and packing process 'by Midwest Dairy Products Corporation and the method of utilization by Morgan & Lindsey. This evidence was given to show the improbability of foreign substances or glass coming in contact with the ice cream offered to customers.
Beyond nervousness to a certain degree, loss of sleep and appetite, plaintiff does not claim injury. The two physicians summoned by plaintiff, Drs. Wright and McCarty, testified they went to the extreme in making an examination of Mrs. Gray and they found no cuts or abrasions of any kind, and stated that no injury other than nervousness had been sustained so far as they could find. Dr. Wright said he had had occasion to treat plaintiff prior to June 27, 1950, and she had been a highly nervous woman since he had known her. We may therefore assume that the various visits of Mrs. Gray to these doctors were principally for examination and observation and not for treatment.
The issue of liability herein turns upon the question of whether the particles of glass were actually n the dish of ice cream when it was served plaintiff, and if so, whether she suffered injury therefrom.
As pointed out frequently by the courts, in cases where a deleterious substance in beverages or food is the alleged source of ill effects, strict proof is required of direct causal connection between the injury and the beverage consumed, because the defendant company cannot -disprove eyewitness testimony. Such proof was held to be insufficient in the following cases. Russo v. Louisiana Coca-Cola Bottling Company, La.App., 161 So. 909; Hill v. Louisiana Coca-Cola Bottling Company, La.App., 170 So. 45; Freeman v. Louisiana Coca-Cola Bottling Company, Ltd., La.App., 179 So. 621; Gunter v. Alexandria Coca-Cola Bottling Company, Ltd., La.App., 197 So. 159.
The evidence given by plaintiff to show she received glass in her mouth from the ice cream is not corroborated in any respect. There are, as pointed out above, -numerous contradictions of plaintiff’s testimony on material points which serve to discredit her. We are not informed as to-whether the District Judge rested his opinion on disbelief of plaintiff’s story or merely upon her failure to establish by a preponderance of the testimony that the glass displayed upon the napkin was served to plaintiff with the ice cream. But in either case the judge who heard the witnesses and observed their demeanor on the stand rejected plaintiff’s demands and as the evidence appears before us,’ we can find no reason to disagree with this decision.
In order to make out a prima facie-case for calling into consideration the doctrine of res ipsa loquitur, it is incumbent upon plaintiff to show with legal certainty that the glass was in the ice cream when it was served to her. This she has not done. Thus the proof adduced by plaintiff did not make out a prima facie case, and, therefore, no comfort may be found in the doctrine, which when properly invoked is applicable to cases of this kind.
For the foregoing reasons, we are of the opinion that the judgment appealed from is correct, and it is affirmed at appellant’s, costs.
KENNON, J., not participating.