Plaintiff herein is seeking to recover damages from defendant in the amount of $2050, alleged to have been caused him by drinking a bottle of Coca-Cola which contained several flies. He alleged that he purchased the bottle at a restaurant in Jonesboro, Louisiana, on the afternoon of August 8, 1941; that the waitress serving him secured the bottle from a refrigerator and opened it in his presence and that he immediately placed the bottle to his mouth and began to drink it, when he realized there was some foreign substance in the bottle. Plaintiff spat the liquid into a glass and discovered there were several dead flies in it. Very soon thereafter he became nauseated and went out into the street where he held onto a post and vomited until his father came by and carried him home in a taxicab; that he remained at his home for several days and was unable to retain any food during that time.
Plaintiff itemizes his damages as follows:
Physical pain, suffering and nausea, $1000.00 Loss of sleep, loss of weight and mental suffering, 1000.00 Loss of time from work, 50.00
Plaintiff alleged the bottle of Coca-Cola was manufactured by defendant at its plant in Ruston, Louisiana, and that it had not been uncapped since leaving defendant's place of business.
Defendant denied the material allegations of plaintiff's petition and alleged that the process used in washing and filling the bottle with Coca-Cola made it almost impossible for any foreign substance to get into the bottle, and the inspection made of each bottle after being filled prevented one with foreign substance in it from leaving defendant's plant. It further alleged that if plaintiff became sick after drinking part of the contents of the bottle of Coca-Cola, *Page 852 
his illness was due to other causes and not from drinking the Coca-Cola.
The lower Court awarded judgment for plaintiff in the amount of $400, from which judgment defendant has perfected an appeal to this Court. Plaintiff has answered the appeal praying for an increase in the judgment.
The evidence is conclusive to the fact that plaintiff purchased a bottle of Coca-Cola and attempted to drink it and that it contained the foreign matter alleged by him. It is also proved that the foreign substance could not have gotten into the bottle after it left defendant's manufacturing plant. The evidence is also conclusive that plaintiff became nauseated soon after drinking the Coca-Cola and was taken home in a taxicab by his father. We have no difficulty in arriving at these facts, although there was a discrepancy in dates and in other respects in the evidence offered on the first trial of the case and the second. The discrepancies, however, are immaterial, to a decision of the case. We do find considerable difficulty in arriving at a correct quantum of damages.
The only medicine taken by plaintiff was some aspirin and some soda. He did not call in a doctor and more than a week after he became sick, went to see a physician who prescribed for him but plaintiff did not get the medicine prescribed, giving as his reason that he did not have the money to pay for it. This doctor was the only medical man who testified in the case and he diagnosed plaintiff's trouble as a gastro-intestinal condition. The doctor further stated that at that time there was an epidemic of that trouble prevailing in that community and he is also positive that plaintiff did not tell him about drinking the Coca-Cola. This uncontradicted fact impresses us with the thought that plaintiff at that time did not consider his trouble was any longer due to the Coca-Cola incident for if he had it would have been only natural for him to tell the doctor about it.
The uncontradicted testimony in the record is that plaintiff was nauseated two or three days and suffered therefrom and there is no evidence to show exactly when the illness his doctor testified he was suffering began. We are sure plaintiff's discomfort caused by drinking the Coca-Cola only lasted a few days and it is certain he had no ill effects of a permanent nature therefrom. There is no evidence to show that plaintiff is psycho-neurotic or that the condition of his stomach was such as to be easily disturbed or aggravated by such an incident. Our conclusion is that the drinking of the Coca-Cola with the foreign substance in it caused plaintiff discomfort and nausea for a few days and may have caused him to lose a few days from his work. Defendant is liable for whatever damages it caused plaintiff by its carelessness in allowing the bottle of Coca-Cola to be sold to him.
It is our opinion that $100.00 would amply cover all damages caused plaintiff by drinking the contaminated Coca-Cola and it therefore follows that the judgment of the lower Court is amended by decreasing the amount of the award from $400.00 to $100.00 and, as amended, it is affirmed, with cost of appeal to be paid by appellee.