MOISE, Justice.
Writs were granted herein to review a judgment of the Court of Appeals for the Parish of Orleans which rendered a unanimous decision in favour of the plaintiff, thereby reversing a finding for the defendant bottling company and its insurance carrier, made by the Civil District Court for the Parish of Orleans.
While the facts are set forth at length in the opinion of the appellate court, a brief résumé is necessary for an adequate discussion of the legal question raised by the application for writs — the factual proof prerequisite for the application of the doctrine of res ipsa loquitur as a rule of evi *323 dence in damage suits involving foreign substances in bottled beverages.
The record discloses that the plaintiff became violently ill in the course of consuming a bottle of coca-cola, so ill that he was taken to a hospital, where he remained for two days under treatment for acute gastroenteritis. Five days later he had a recurrence of gastro-enteritis, and was again hospitalized for two days. The bottle in question was carefully preserved, and taken to the City Chemist of New Orleans for analysis of its remaining contents, which proved to contain free iodine in a quantity one and a half times the maximum dosage for internal medicinal purposes. There was testimony on the part of the defendant company’s assistant superintendent as to the care which is used in sterilizing, cleaning and filling bottles in its plant; he also testified that the bottles were given a final light test for the purpose of detecting any foreign substances that might have gotten in, despite the alleged impossibility of their so doing. This particular bottle had been purchased unopened from a neighborhood establishment known as “Johnny’s Pool Room”; and the individual who sold it to the plaintiff testified that it had never been tampered with from the time of its purchase in a case lot from defendant bottling company to the time of its sale to Joseph M. Mayerhefer.
Defendants, in applying for writs, claim that the views of the appellate court, relative to the 'factual proof necessary for the rule of evidence, res ipsa loquitur, to be applied in the consideration of the facts, do not conform to established jurisprudence. They argue that there must be a strict compliance with the following requirements: (1) the plaintiff must show that the beverage contained a foreign ingredient; (2) that the foreign ingredient caused the injury; and (3) that the bottle had not been improperly handled or tampered with after it left the bottler’s possession. Their contention is that the appellate court in applying the test for liability which is set forth in Dye v. American Beverage Company, La.App., 194 So. 438, has failed to observe the third essential requirement, aforementioned.
A study of the Dye case, particularly the statement of facts therein contained, shows that the rationale of the whole opinion proceeded upon the assumption that that bottle had not been tampered within the course of its journey from manufacture-distributor to retailer to consumer. The principles there applied were followed with approval by the appellate court in the instant case: “* * * where the plaintiff shows by a preponderance of evidence that the beverage contained a foreign substance, that he consumed it and suffered injuries as a result, the burden of proof shifts to the defendant to excuse itself from liability by proving to the satisfaction of the court that the foreign matter did not enter'the beverage during the bottling or manufacturing process.” Quoting, La.App., 194 So. 438, 440.
*325 'While the Dye case contains only an inference or implication that the question of tampering was considered, the case now before us passes squarely on the evidence relating to lack of tampering. Plaintiff and the proprietor’s son, who had actually sold him the bottle of coca-cola, both testified that it had not been tampered with in any way subsequent to delivery by the coca-cola company truck from the bottling plant to “Johnny’s Pool Room” (where it was kept in a dry storage box) and the eventual sale to plaintiff, who took it home, opened it, and drank, with the consequences stated above.
As a matter of fact, the evidence in this case meets all the requirements necessary for the application of the rule of evidence, res ipsa loquitur, which defendants argue were abrogated by the appellate court. The chemical analysis proved the presence of free iodine, the corrosive properties of which, particularly with respect to viscera, is a matter of general knowledge. Plaintiff’s physician testified that “if plaintiff had actually ingested a coca-cola containing iodine, the symptoms would be comparable to the ones which plaintiff had manifested.” One of the safest rules for the conclusiveness of evidence is that a variety of unrelated circumstances, when coupled together, form a unity of substance ; and here, we fail to see what more the plaintiff could have done to establish his case by a preponderance of testimony.
Each case involving tort liability stands or falls on the proof made of the facts alleged. . Thus, in Jenkins v. Bogalusa Coca-Cola Bottling Co., La.App., 1 So.2d 426, the court held that the plaintiff had not proven that the bottle contained parts of a disintegrated spider or other foreign substance at the time she drank from it, nor that it had not gotten in after the bottle left the company plant, nor that she drank or swallowed any foreign particles from the bottle that ■caused her' to become suddenly ill. In White v. Coca-Cola Bottling Co., La.App., 16 So.2d 579, 581, the plaintiff proved (1) that the foreign substance in the bottle consisted of “ ‘yeast cells * * * due to the fermentation of the sugar which the Coca Cola contains * * * that an original properly sealed bottle of Coca-Cola would (not) have developed fermentation, before being opened’ ”; (2) that she became violently ill, with “ ‘a severe acidosis as a result of her steady vomiting, running consistently a sub-normal temperature and a rapid pulse’ ” and had to be treated with sedative and intravenous infusions; and (3) that the bottle was in the same physical condition when sold to plaintiff as when delivered to the retailer by the defendant’s agent. This case is exactly in point.
Since the instant matter involves a foreign ingredient damage claim, we refrain from discussing Ortego v. Nehi Bottling Works, 199 La. 599, 6 So.2d 677; Lanza v. DeRidder Coca-Cola Bottling Co., La.App., 3 So.2d 217; Hake v. Air Reduction Sales *327 Co., 210 La. 810, 28 So.2d 441; or Piacun v. Louisiana Coca-Cola Bottling Co., La.App., 33 So.2d 421: this for the reason that, although the same principles for the applicability of res ipsa loquitur were adhered to, these were all explosion cases and fall into a separate category from a standpoint of facts.
We are convinced, as was the appellate court, that the plaintiff has proven the factual requirements for the rule of evidence — res ipsa loquitur — to be applied. There is nothing further to consider save the quantum; if this Court knows what everybody knows, then it knows that the value of the dollar has depreciated shockingly, and in view of that depreciation, an award of $500.00 for pain and suffering, in addition to actual medical expenses and wages lost amounting to $111.50, or a total of $611.50 with legal interest from judicial demand until paid, is not excessive.
For the reasons assigned, the judgment of the Court of Appeals for the Parish of Orleans is hereby affirmed, defendants to pay all costs.
LE BLANC, J., coucurs.