McBRIDE, Judge.
This appeal was taken by the defendant from a judgment in favor of plaintiff awarding her $300.00 damages on her suit for $750.00 against defendant, wherein she alleged that she had suffered damages as a result of having ingested, on the morning of September 21, 1948, a part of a Coca-Cola that contained a deleterious foreign substance, to-wit: a decomposed housefly.
According to the testimony of plaintiff and her friend, a Mrs. Creath, on the morning in question the latter purchased two bottles of Coca-Cola from the K. & S. Grocery, which is located across the street from plaintiff’s residence, and brought them to plaintiff’s home where they were opened in the kitchen. Plaintiff and Mrs. Creath then began drinking the beverage out of the bottles. The testimony of the two is to the effect that when plaintiff had consumed about half of her bottle she felt a slimy substance in her mouth, whereupon she spat it into her hand and then put the substance back into the bottle. After corking the bottle, *8 she called the Coca-Cola company and made complaint. About half an hour later she experienced nausea. A later analysis of the contents of the bottle showed the presence therein of a deteriorated housefly.
After categorically denying the aver-ments of the first six paragraphs of the petition, the defendant admitted, in paragraph 7 of the answer, that it is engaged in the business of manufacturing, bottling, and distributing for sale to retail dealers in the City of New Orleans and elsewhere, the soft drink known as Coca-Cola. Defendant denied the balance of paragraph 7 of the petition, which alleged that it bottled the Coca-Cola sold by the K. & S. Grocery. The answer further sets forth that, due to the extreme careful method of manufacture and inspection of its product in its plant, it is highly improbable that any harmful 'foreign substance could be contained in its product.
In the. argument before us the defense rests on two points, viz., that plaintiff had failed to prove at the trial that defendant had bottled the beverage which caused the injury, and that plaintiff had also failed to prove that the bottle had not been tampered with after it left defendant’s possession.
The three Courts of Appeal have held that where the plaintiff claims damages as a result of consuming a bottled beverage containing a foreign or harmful substance, to be successful it must be shown by him (1) that the foreign substance was contained in the bottle, (2) that damage was suffered by the drinking of the beverage, and (3) that the bottle had not been tampered with or improperly handled after it left the bottler’s possession. Jenkins v. Bogalusa Coca-Cola Bottling Co., La.App., 1 So.2d 426; White v. Coca-Cola Bottling Co., La.App., 16 So.2d 579; Rowton v. Ruston Coca-Cola Bottling Co., La.App., 17 So.2d 851; Camp v. Homer Coca-Cola Bottling Co., La.App., 20 So.2d 186; Mayerhefer v. Louisiana Coca-Cola Bottling Co., Ltd., La.App., 45 So.2d 442; Nichols v. La. Coca-Cola Bottling Co., Ltd., La. App., 46 So.2d 695; Day v. Hammond Coca-Cola Bottling Co., La.App., 53 So.2d 447, 449.
And as was stated in Day v. Hammond Coca-Cola Bottling Co., supra, there is: “Another requirement that has not always been expressly stated in the decisions has nevertheless always existed; it should be the first requirement in point of time, and is: that plaintiff prove that the beverage causing the damage was bottled and distributed by the defendant. Proof on this point has, of course, always been required in every case.”
In passing on the first defense raised before us, we notice that the answer does, in paragraph 7, specifically deny that the defendant bottled the Coca-Colas sold by the K. & S. Grocery, but we believe, considering the answer as a whole, that the defendant makes the admission that the bottles sold by the said grocery came from its bottling plant. Witness the following language contained in paragraph 11 of the answer: “Further answering defendant avers that if the bottle of coca cola mentioned in plaintiff’s petition actually contained any foreign substance, which is denied, that said foreign substance was not in the bottle zvhen it zvas bottled by Louisiana Coca Cola Bottling Co. * *” (Italics ours.)
It seems to us that the above quoted language employed in the answer made it unnecessary for plaintiff to have produced evidence that the product was that of the defendant.
However, there is merit in defendant’s second contention. Nowhere in the testimony is there any evidence even remotely tending to show that the bottle had not been tampered with or handled improperly after it left the possession of the Louisiana Coca Cola Bottling Company, and in the absence of such proof it must be held that the plaintiff hás not established her case in accordance with the requirements prescribed by the well established jurisprudence above cited.
Our brothers of the First Circuit, in deciding the Day case, supra, stated that our opinion in the Mayerhefer case, supra, might have left some room for doubt as *9 to whether we -felt that the plaintiff had to meet the third requirement, to-wit; proving that the bottle had not been tampered with after it left the possession of the bottler.
In the Mayerhefer case, we found as a fact that the bottle containing the beverage which caused injury to the plaintiff had not been tampered with in any way subsequent to delivery to the retailer from whom plaintiff purchased it. Proceeding from that point, we held that the plaintiff had established the other factual requisites, that is, that the beverage contained a harmful substance, that he partook of the contents of the bottle, and that injury resulted to him. It was our intention to, and we believe that we did, hold that it was encumbent upon the plaintiff to make adequate proof that the bottle had not been tampered with after the bottler of the beverage parted with it, and in the instant case we unqualifiedly hold that such proof is necessary in order to admit the doctrine of res ipsa loquitur into a case such as this.
But, be that as it may, whatever doubt which may have existed as a result of our opinion in the Mayerhefer case as to what proof was required of the plaintiff was dispelled by our mentor, the Supreme Court, which reviewed the matter and affirmed our judgment in favor of the plaintiff. See Mayerhefer v. Louisiana Coca-Cola Bottling Co., 219 La. 320, 52 So.2d 866, 868. The Court found that the plaintiff had proved (1) that the beverage contained a harmful foreign substance, (2) that he suffered injury by ingesting the contents of the bottle, and (3) that the bottle had not been tampered with in any way subsequent to delivery by the Coca-Cola bottling company truck to the establishment from which it was obtained by plaintiff. Favorable reference was made to White v. Coca-Cola Bottling Company, supra, in which the plaintiff proved that the bottle had not been tampered with after delivery by the defendant to its retailer. Said the Court: “* * * In White v. Coca-Cola Bottling Co., La.App., 16 So.2d 579, 581, the plaintiff proved (1) that the foreign substance in the bottle consisted of ‘ “yeast cells * * * due to the fermentation of the sugar which the Coca Cola contains * * * that an original properly sealed bottle of Coca-Cola would (not) have developed fermentation, before being opened” ’; (2) that she became violently ill, with ‘ “a severe acidosis as a result of her steady vomiting, running consistently a sub-normal temperature and a- rapid pulse” ’ and had to be treated with sedative and intravenous infusions; and (3) that the bottle was in the same physical condition when sold to plaintiff as when delivered to the retailer by the defendant’s agent. This case is exactly in point.1’ (Emphasis by the Supreme Court.)
In the concluding paragraph of the opinion is to be found the following language: “We are convinced, as was the appellate court, that the plaintiff has proven the factual requirements for the rule of evidence — res ipsa loquitur — to be applied. * * *»
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the plaintiff’s suit be dismissed at her cost.
Reversed.