JANVIER, Judge.
Plaintiff brought this suit for damages against Louisiana Coca-Cola Bottling Company alleging that she had been made violently ill as the result of noticing, after she had imbibed almost all the contents of a bottle of Coca-Cola, that sticking to the bottom of the bottle on the inside was a roach and a roach egg.
T.he defendant, as is usual in such cases, had no means of obtaining any information concerning the occurrence and therefore, for lack of information, denied that there had been such an occurrence and alleged that it maintains a most modern and up-to-date plant for the bottling of Coca-Cola, and that
“it is practically a physical impossibility for any foreign substance to get into the Coca-Cola or into any of the bottles or into the water used in the manufacture of bottled Coca-Cola.”
Defendant further averred that if such foreign substance was in the bottle, it got into it “after it had passed into the hands of third parties * *
There was judgment in favor of plaintiff for $100 and defendant has appealed.
For some time there has existed some slight confusion in the jurisprudence of thie State concerning what proof is necessary for recovery in such a case as this. It is conceded by all that a plaintiff must prove first that the foreign substance was contained in the bottle; second, that damage was suffered, and in much of our jurisprudence it has been held that it must be shown that the container had not been tampered with between the time at which it left the bottler and the time at which it was opened by or for the plaintiff. *311 The confusion has resulted because it is not yet clear whether our Supreme Court will itself ultimately hold this last requirement as essential to recovery.
We were and are of the opinion that the Supreme Court had so held in Mayerhefer v. Louisiana Coca-Cola Bottling Co., 219 La. 320, 52 So.2d 866, and we so stated in LeBlanc v. Louisiana Coca-Cola Bottling Company, La.App., 55 So.2d 7. However, following an opinion by one of the members of this Court 'concurring in the decree but expressing the view that in such case it is not necessary that plaintiff prove that the bottle had not been tampered with, the Supreme Court granted a writ of certiorari and that case is now pending in the Supreme Court.
Counsel for defendant in the case at bar have vigorously contended that the judgment here should be reversed for the reason that there is not sufficient proof that there had been no tampering with the bottle in question between the time at which it left defendant’s place of business and .the time at which it was opened for the plaintiff.
A majority of the members of this court being still firmly of the opinion that it should be necessary to recovery that there be proof that the bottle had not been tampered with, we would dismiss the suit on this issue if we could agree with defendant that there has not been sufficient proof of non-tampering. However, we find ourselves unable to agree with the defendant that the record does not contain sufficient proof on this point.
It is testified that the contents of the bottle were consumed by the plaintiff at a “fish fry” which was being conducted by another member of her race, Johnny Curtis Green. He testified that he had purchased four cases of Coca-Cola at a nearby grocery; that he had himself carried these cases to his establishment at which the “fish fry” was to be conducted, and had placed all of the bottles in a tub of ice, and that the particular bottle in question had been served by an employee of his, and had been opened and handed to the plaintiff when it was opened.
The remaining defense of the defendant is that no such occurrence actually took place.
The record shows that the “fish fry” was practically a continuous all afternoon and night entertainment to and from which members of the plaintiff’s race were constantly coming and going; that plaintiff herself went to the establishment two or three times and finally, late in the evening, while sitting at a table with friends, ordered and was served a bottle of Coca-Cola. She states that, after she had imbibed all the contents, she put the bottle down and then, for the first time, noticed that the roach, was sticking to the bottom of the bottle with a roach egg alongside it. This exact description of the contents was verified almost too accurately by all of the members of the party. Plaintiff states that she became violently ill, went to her home which was nearby, and vomited several times each hour, all that night, all day Sunday, and for a part of Monday, and in this s'he is confirmed by her husband.
All that we can say about the record is that the exact description of the contents of the bottle is repeated in a parrot-like way by all of the witnesses, and that It was not until she had finished drink-as to her continual vomiting is much exaggerated.
We see no reason why she should have continued to vomit for almost forty-eight hours, for it must be remembered that, according to the testimony, the roach and the egg had not disintegrated and apparently she did not imbibe any part of either. It was not until she had finished drinking the contents that she noticed, for the first time, that the roach and the egg were in the bottle.
It is a little difficult for us to understand how a person, who attended such a fish fry and no doubt partook abundantly of the heterogeneous conglomeration of comestibles, could have been so completely upset by merely looking at a roach in a bottle from which she had drunk the contents.
It must be conceded that the record contains no evidence which can be said to ex *312 pressly contradict the statements of the plaintiff and of her witnesses. In several minor details we find conflicts. But minor conflicts on unimportant details ordinarily indicate that the witnesses did not concoct the story on which the case is based.
Our inability to believe plaintiff’s story results not from such minor conflicts but from the fact that we cannot believe the story in its important details. We find it impossible to believe that the plaintiff, having imbibed almost all of the contents of the bottle without noticing the roach and then noticing it only after she had put the bottle down, could be made so violently ill as she says she was.
We find it impossible to believe that if there was a roach and an egg in the bottle, they would have gone to the bottom thereof and would have attached themselves firmly to the bottom of the bottle as the witnesses say they did.
We find it difficult to believe that looking at the bottle through the heavy glass an object so small as a roach egg could have been so noticeable as all the witnesses say it was.
It must be remembered that it would have been particularly difficult to notice the exact position of the roach and to notice the presence of the egg if there was any substantial amount of Coca-Cola left in the bottle and many of the witnesses agree that there was. Some say that she had imbibed practically all of the contents, but others say that she had consumed only a portion thereof. On this feature there was considerable disagreement.
There can be no question of the claim-consciousness of the plaintiff from the moment of the alleged occurrence. It appears to us most unusual that under such circumstances, having imbibed the contents of a bottle in a public place and having become so violently ill a person would have thought to carefully cover the bottle and to take it home to preserve it for future use.
We hesitate to reverse a judgment based entirely on a question of fact where there is no evidence which expressly contradicts the story of the plaintiff. Yet we feel that where the entire picture convinces us that the story told by the plaintiff cannot be true, it is our duty to reverse such a judgment and to dismiss such a suit.
We repeat that we find no question of law presented here. If the story told by plaintiff and her witnesses is true, then the record shows that the bottle came from the defendant’s plant, was not tampered with until it was opened in the presence of the plaintiff, and plaintiff was violently ill. The only question presented is whether plaintiff’s statements are true.
The judgment appealed from is annulled, avoided and reversed and plaintiff’s suit is dismissed at her cost
Reversed.