LE BLANC, Justice
(concurring).
I am not prepared to say that the conclusion reached by the Court on the facts in this case is wrong and therefore I concur in the decree. Neither, however, am I prepared to commit myself to the proposition that the doctrine of implied warranty applies in cases of this kind.
In my opinion a difference must be made in applying the doctrine of implied warranty between cases relating to articles of food and beverage which are offered for sale to the consumer in actually sealed containers and those like the beverage in the present case which is contained in a bottle that is closed by means of a compression cap that can be readily removed and replaced. It may well be that a manufacturer who sells an article of food or beverage in a sealed can, for instance, or in a container which is hermetically sealed, could be held to have impliedly warranted the soundness of wholesomeness of the article sold and that the package or container is free from foreign substances or deleterious matter-. *932 With regard to articles sold in that mannér, the package or container in which it is sold may afford proof of itself to the consumer that it has reached -him in the same state in which it left the manufacturer’s hands. But this is not so, in my opinion, with regard to bottled beverages closed, as I have pointed out, only by means of a cap which is removable and which, with the use of certain gadgets that are now offered by the 'trade, can be replaced in the same condition in which it was before being removed.
Applying the doctrine of implied warranty on a manufacturer of such bottled beverages is almost tantamount to making him an insurer and practically imposing absolute liability on him. In this connection .it is sometimes suggested that the manufacturer might protect himself by including in t'he price of the article a sufficient amount by which liability would be absorbed by the consuming public. Whilst that may offer a form of solution to the problem from an economic point of view it certainly lends no help in solving it from a legal standpoint which, after all, is what the courts are called upon to do in cases of this kind.
It has been the policy of the courts in this State, for the past several years, to follow the rule of res ipsa loquitur in these cases. Under the rulings made there were three requirements placed upon a plaintiff who sued a beverage company like the present defendant: First, he had to show that the bottle contained a foreign or deleterious substance; second, that he suffered injury for' having partaken of some of the beverage, and third, that the bottle had not been tampered with after it left the defendant’s possession. Having met these requirements he had made out a case and it then devolved upon the defendant, under the doctrine of res ipsa loquitur, to show that he was free of negligence. This was the pattern cut out in the various cases decided by the Courts of Appeal of this State, some of which are referred to in a footnote to the majority opinion herein, and, as I view it, that pattern was approved by this Court in the recent case of Mayerhefer v. Louisiana Coca Cola Bottling Company, 219 La. 320, 52 So.2d 866. That seemed to bé a reasonable approach to the solution of a rather difficult problem which confronts the courts in cases of this kind and it is the fairest that I can think of. The present decision, for the. first time uses a new method which, as I have stated, amounts to imposing absolute liability on the defendant. I believe that the jurisprudence which has been adhered to since the time it was established should be followed instead.