HAWTHORNE, Justice
(dissenting).
In the instant case, plaintiff seeks to hold the manufacturer of a bottled drink liable in damages upon proof merely that the bottled beverage was purchased from a neighborhood grocery by a friend, was opened in plaintiff’s kitchen, was partially consumed by her, and made her nauseated and ill because it contained a foreign sub *934 stance which was subsequently identified as portions of a deteriorated housefly.
The Court of Appeal 'held — in my opinion properly — that, for plaintiff to recover, the doctrine of res ipsa loquitur had to be applied to establish negligence on the part of the defendant bottler, and that, since plaintiff had failed to prove that the bottled drink had not been tampered with or improperly handled after it left the defendant bottler’s possession, the doctrine was not applicable. See LeBlanc v. Louisiana Coca Cola Bottling Co., Ltd., 55 So.2d 7.
As I understand the majority opinion, it is to the effect that the doctrine of res ipsa loquitur has no application in this type of case, that is, in a suit to recover damages for injuries resulting from the consumption of a bottled beverage, but that recovery may be had on the theory of implied warranty.
All the Courts of Appeal of this state without exception have -considered that cases of this kind, that is, cases involving bottled beverages, were properly brought on the theory of res ipsa 'loquitur, and the jurisprudence at this time is uniform that for the doctrine to be applicable it is necessary for the plaintiff to establish that the bottled beverage was not tampered with after it left the manufacturer’s possession. Nichols v. Louisiana Coca-Cola Bottling Co., Ltd., La.App., 46 So.2d 695, Orleans; Jenkins v. Bogalusa Coca Cola Bottling Co., Ltd., La.App., 1 So.2d 426, First Circuit; Day v. Hammond Coca Cola Bottling Co., La.App., 53 So.2d 447, First Circuit; White v. Coca-Cola Bottling Co., La.App., 16 So.2d 579, Second Circuit; Rowton v. Ruston Coca-Cola Bottling Co., Inc., La.App., 17 So.2d 851, Second Circuit; Camp v. Homer Coca-Cola Bottling Co., Inc., La.App., 20 So.2d 186, Second Circuit. Further, the opinions of the Courts of Appeal in some of these cases have been quoted with approval by this court. The majority opinion in the instant case has the effect of holding that all of these -cases were decided on the wrong premise and of repudiating them.
The majority opinion quotes with approval from the case of Dye v. American Beverage Co., Inc., La.App., 194 So. 438, Orleans. It is significant to note that the writer of the majority opinion in the instant case was a member of the Court of Appeal for the Parish of Orleans at the time the Dye case was. decided and was the author of the opinion in that case. He faiis to state in the opinion in the instant case that the Orleans Court of Appeal later repudiated the' holding in the Dye case by its decisions in the case of Nichols v. Louisiana Coca-Cola Bottling Co., Ltd., supra, and in the. present case, and that the present view of that Court of Appeal is now in perfect harmony with that of the other Courts of Appeal of this state. What the author of the majority opinion is attempting to do in the instant -case — and apparently with success — is to make his conception of the proof necessary for recovery, as expressed by him in the Dye case, the law of this state. In that case the plaintiff was allowed to re *936 •cover as a result of the negligence of the beverage company and was permitted to establish such negligence without showing that the bottle had not been tampered with .after it left the manufacturer’s possession. Since the action was in tort and recovery was based on negligence, I know of no way in which the negligence of the defendant •could have been established in that case except by the application of res ipsa loquitur.
No citation of authority is necessary for the proposition that the sole purpose of the doctrine of res ipsa loquitur is to establish negligence on the part of the defendant, and for it to be applicable the thing or instrumentality that causes the injury must be under the exclusive control of the defendant. Without such control the doctrine is not applicable in any case, and for recovery the plaintiff must prove specific acts of negligence.
Tlie doctrine has been extended, and reasonably so, to that class of cases where the article causing damage is in actual possession of the plaintiff but is considered to be in the constructive control of the defendant because proof has been made that it is in the same condition as it was in when it left the defendant’s possession. In this class of cases are the exploding bottles and the contaminated foods and beverages. The evidence necessary to prove that the article which caused the injury is in the same condition as when it left the possession of the defendant may vary with the article involved and the circumstances of each case, but in no case can that proof be dispensed with. In cases involving sealed cans or packages the showing that they are so constructed that there is no reasonable possibility of altering or tampering with their contents before they reach the consumer is sufficient proof that they are in the same condition as when they left the defendant’s possession. A bottled beverage is not in that class of cases because the cap can be removed and replaced without detection by the use of care. This distinction is recognized generally. See Annotation, Presumption of negligence from foreign substance in food, 171 A.L.R. 1209, and the excellent discussions in two recent decisions, Jordan v. Coca Cola Bottling Co. of Utah, Utah 1951, 218 P.2d 660; Underhill v. Anciaux, Nev. 1951, 226 P.2d 794.
That this distinction is a reasonable one is fully demonstrated by an incident, recently reported in the newspapers of this city, where a bartender was arrested and charged with taking the residue of beer left in bottles sold by him to his customers, refilling bottles with such residue, recapping them, and selling them to his customers.
To permit recovery without requiring the plaintiff to show that the bottle was in the same condition as when it left the possession of the defendant, that is, freedom from-tampering, is to permit recovery on some other basis than on the doctrine of res ipsa loquitur, for without such proof there is no proper foundation for res ipsa loquitur. I am of the opinion that all the Courts of Ap *938 •peal of this state have been eminently correct in holding that for the application of the doctrine of res ipsa loquitur the plaintiff •must prove freedom from tampering after •the bottled beverage left the custody and possession of the bottler. In the instant case, as correctly pointed out by the Court of Appeal, 55 So.2d 7, 8, “ * * * Nowhere in the testimony is there any evidence even remotely tending to show that the bottle had not been tampered with or handled improperly after it left the possession of the Louisiana Coca Cola Bottling Company * * * ”.
The realization that sufficient proof had not been made for the application of res ipsa loquitur may have prompted the author -of the majority opinion to bolster his decision with the theory of implied warranty, which he never mentioned in the Dye case (from which he quotes) and which has never been the basis of recovery in bottled beverage cases by the consumer against the manufacturer in this state.
The majority opinion discusses the common law at length to support implied warranty as a basis of recovery in this case. Although there is some confusion in the common law as to whether warranty arises out of contract, tort, or public policy (See 1 Williston on Sales, rev’d ed., sec. 244a, p. 648; Jeanblanc, Manufacturers’ Liability to Persons Other Than Their Immediate Vendees, 24 Va.L.Rev. 134, 148), it is unquestionable that warranty arises in the civil law only out of contracts. Arts. 2500 et seq., LSA-Civ.Code; Pothier, Treatise on the Contract of Sale (Cushing’s tr. 1839), n° 103, p. 62. This has always been taken as a matter of course in the civil law. See Rabel, The Nature of Warranty of Quality, 24 Tulane L.Rev. 273, 280. Any theory of implied warranty on the basis of public policy which has been adopted by some of the common law states as shown by Decker & Sons, Inc., v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479, cited in the majority opinion, is entirely inappropriate in a civilian jurisdiction.
The common law affords no authority for determining in this state whether lack of privity of contract prevents a sub-vendee from suing a manufacturer for defects in the article purchased. The methods by which the common law avoids the contract theory of warranty -can be of no assistance on the problem in this State, where warranty is undoubtedly based on contract. The question of whether a sub-vendee may sue a manufacturer for defects notwithstanding that warranty is based on contract had not been answered by the courts of this state prior to this case, and there has been considerable conjecture on that subject. See Laclede Steel Co. v. Silas Mason Co., D.C., 67 F.Supp. 751; Comment, Warranty of Quality in Louisiana:' Extent of Recovery Under the Implied-in-Law Warranty, 23 Tulane L.Rev. 130, 139; Note, 14 Tulane L. Rev. 470. It is unfortunate that the court here did not have the benefit of brief or argument on this very important question, and this lack may account for acceptance of *940 the common law as being relative to this' issue.
The matter is further clouded by the fact that plaintiff has not alleged a breach of warranty as a basis for recovery, and in truth she was not even a purchaser of the bottle of coca-cola, since it was bought by a neighbor and given to. her. In the Court of Appeal the case was considered as a tort action, and in this court for the first time the theory of implied warranty has been considered as a basis for recovery in the case.
Conceding, however, that an action for breach of implied warranty is available to the plaintiff even though she was not a purchaser, I do not see how she can be relieved even under' this theory of the case from proving that the bottle was in the same condition when it left the defendant as it was when she opened it. The question of tampering is as important under the implied warranty theory as under the res ipsa loquitur theory because, in order for the vendor to be liable for breach of its implied warranty, the defect must have been in the article at the time it sold the bottle. See Pothier, op. cit. supra, n° 212, p. 130. Again, it is not reasonable to infer that a foreign substance was in a bottled beverage at the time it was sold by the manufacturer unless proof is made by the plaintiff that there was no reasonable opportunity for tampering in the time intervening between the sale by the manufacturer and the opening of the bottle by the plaintiff. Where recovery has been predicated on implied warranty in the common law, the cases show that such proof is necessary. Menaker v. Supplee-Wills-Jones Milk Co., 125 Pa.Super. 76, 189 A. 714; Nemela v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 104 S.W.2d 773; Curtiss Candy Co. v. Johnson, 163 Miss. 426, 141 So. 762; Coca-Cola Bottling Co. of Fort Worth v. Smith, Tex.Civ.App., 97 S.W.2d 761; Decker & Sons, Inc., v. Capps, supra; Beyer v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 75 S.W.2d 642; Geisness v. Scow Bay Packing Co., Inc., 16 Wash.2d 1, 132 P.2d 740; Strawn v. Coca-Cola Bottling Co. of Missouri, Mo.App., 234 S.W.2d 223.
It is a'function of this court to clarify the law, and the Courts of Appeal show by their decisions that they conscientiously try to follow the law as announced by the decisions of this court. Under their interpretation of cases of this nature, they have been fully justified in accepting the doctrine of res ipsa loquitur as a basis of recovery, and in doing so have quoted from the opinions of this court. For instance, in this, very case, the author of the opinion in the Court of Appeal quoted language from the case of Mayerhefer v. Louisiana Coca-Cola. Bottling Co., Ltd., 219 La. 320, 52 So.2d 866, as justification for his applying the doctrine.
The writ in this case was granted to remove . any doubt that may have resulted. *942 from our language in the Mayerhefer case, supra, but I am unable to see how the majority opinion in the instant case has accomplished this result.
I respectfully dissent.