144 So.2d 760 (1962)
Willie GILBERT
v.
JOHN GENDUSA BAKERY, INC., et al.
No. 753.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Morphy & Freeman, by A. D. Freeman, Jr., New Orleans, for appellant.
John D. Tamberella and Herman J. Agregaard, New Orleans, for appellees.
Before TATE, THOMPSON, and BAILES, JJ.
JULIAN E. BAILES, Judge.
This is an action in tort brought by Willie Gilbert, individually and as administrator *761 of the estate of his minor son, David Gilbert, to recover medical expenses in the amount of $28.00 and general damages for mental and physical pain, suffering and discomfort, in the amount of $971.99, resulting from his child eating doughnuts bought from Garrett's Food Store, a business establishment owned and operated by Louis and Piccola W. Garrett, defendants, in the City of New Orleans. Also made defendants were John Gendusa Bakery, Inc., the manufacturer of the doughnuts, and New Amsterdam Casualty Company,[1] allegedly the liability insurer of Louis and Piccola W. Garrett.
Plaintiff alleges that on October 17, 1960, his son, David Gilbert, purchased a package of three jelly doughnuts from Garrett's Food Store, bearing the wrapper and label of John Gendusa Bakery, Inc.; that when he had eaten about one-half the second doughnut taken from the package, it was discovered that it contained small black insects or other foreign matter; that his son became ill with acute gastro-enteritis, diarrhea, abdominal pains, nausea and vomiting; that he incurred a medical bill of $28.
Plaintiff pleads the doctrine of res ipsa loquitur, and alternatively, alleges that John Gendusa Bakery, Inc., manufactured and released for sale jelly doughnuts with harmful foreign matter therein, without first ascertaining that they were free from harmful and injurious foreign matter; and that Garrett's Food Store sold and offered to the public a bakery product with injurious foreign matter therein, without first ascertaining that the products were free from injurious and harmful foreign matter; that both parties breached the warranty of purity and wholesomeness when they manufactured, sold and delivered to David Gilbert the food stuff containing the injurious foreign matter. Judgment in solido against all defendants in the amount of $999.99 was prayed for by the petitioner.
The trial court rejected the demands of the plaintiff and dismissed his suit at his cost; however, no written reasons were assigned.
Appellant complains that the trial court "erred in failing to grant recovery for definitely proven injuries sustained as a result of consuming defendants' product".
The facts are simple enough and appear to be that on the afternoon of October 17, 1960, after he came home from school, David Gilbert went to Garrett's Food Store and purchased a bag of three doughnuts. These doughnuts were in a glasine bag bearing the label of John Gendusa Bakery, Inc. He either began eating the doughnuts on the way home from the store, or he ate them immediately after returning home. While eating, the child discovered the insects or foreign matter in the doughnut, whereupon he showed it to his mother. Shortly thereafter, he became ill and was taken to the office of Dr. O. E. Carter, Jr. The illness manifested itself first by vomiting, abdominal pain and retching. The doctor testified that the boy was acutely ill and was complaining of "terrific" pains in his abdomen and that he vomited several times in his office while he was attempting to examine him. The mother took the doughnuts with her to the doctor's office. The doctor observed a number of black bugs in the jellied portion of the doughnut. He administered an anti-emetic. The next day, October 18th, the child was returned to the doctor, suffering from diarrhea. The doctor then saw him again on October 19th, on which occasion he was still having cramping abdominal pain and diarrhea. Further visits were made to the doctor on October 22nd, 26th, and 31st, and on November 2nd *762 he was discharged to return to school. The doctor diagnosed David's condition as acute gastro-enteritis, and in reply to a question, "What is acute gastro-enteritis?" testified it "is where you get either foreign substance or chemical or infection, causing the inflammation of the lining of the stomach and the gut." The doctor did not testify unequivocally that the bugs or foreign matter in the doughnut caused the illness of young David; he stated that it was his opinion that it did cause this condition.
In cases of this type, it is not necessary for the claimant to negate every conceivable hypothesis that could have brought about the disorder of illness complained of. A prima facia case of causal connection is established in this case by it being shown that prior to eating the contaminated food that the child was healthy and normal and free of any gastric disturbance, and shortly after eating this food, which was conclusively shown to contain some sort of bugs or other foreign matter, he became ill with abdominal pains, retching and vomiting, and some hours later developed a diarrhea. See Ogden et al. v. Rosedale Inn (La.App. 1939), 189 So. 162, on page 164, wherein the court said:
"[3] Counsel for the defendant maintains that the burden of proof was upon the plaintiffs to show that their illness resulted from eating unwholesome shrimp salad at the defendant's restaurant and that they have failed in this respect because the evidence produced by them is too uncertain to sustain a judgment in their favor.
"While we agree with counsel that the plaintiffs had the burden of establishing that they were poisoned as a result of eating shrimp salad at the defendant's restaurant, we think that the evidence is sufficient to authorize the finding that their ailments are attributable to the shrimp salad and that the food served to them by the defendant was deleterious. The proof in the record clearly demonstrates that the plaintiffs were afflicted with food poisoning. All of them suffered with nausea, vomiting spells and diarrhea. These symptoms plainly indicate the presence of bacteria in the intestines. Moreover, it is very probable that the shrimp salad was the underlying cause of plaintiffs' illness. It is shown that all of them became sick about the same time and that the two other persons with them who did not eat shrimp were not affected.
"[4] Counsel for defendant seems to be of the belief that it was necessary for plaintiff to prove beyond all doubt that the shrimp salad was the underlying cause of their illness and that it was encumbent upon them to have had a chemical analysis taken either of the food or of their stools in order that it might be positively established that the shrimp were unfit for human consumption. The law does not require exact proof but only that the claim be shown with reasonable certainty."
Defendants argue in their brief before this court that plaintiff has not made out his case because of variances between the testimony of the mother of the child and the child, himself, regarding the exact location in the doughnut of the foreign matter, and the variances in the testimony of the mother and the doctor as to just when the diarrhea developed, and the testimony of the child and that of the doctor as to the size and shape of the insects or foreign matter. We feel it worthy to point out that the sickness occurred on October 17, 1960, and the matter was tried on January 31, 1962, and that, in part, could explain the slight variances in the testimony of the witnesses. Furthermore, the differences in the testimony are slight, actually enhance the verity of the facts, and lastly, are of no material consequence.
Defendants further complain that plaintiff has not proved his case, because of the *763 conflict in the testimony of the defendant, Piccola Garrett, and that of the wife of the plaintiff. There is such utter conflict in their testimony that it is impossible to reconcile the differences. Suffice it to say that the testimony of the wife of the plaintiff [the mother of the child] is corroborated and substantiated in various particulars, whereas the testimony of Piccola Garrett stands alone. We find ample reasons to believe the plaintiff's wife.
The defendant bakery presented evidence that it operates a modern, up-to-date plant, employing modern techniques and procedures to assure a wholesome product and that it is virtually impossible for any insects or other foreign matter to get into the products manufactured and distributed. As convincing as this type of negative testimony is, such does not overcome the positive testimony that these doughnuts did contain foreign matter.
We feel that the plaintiff proved his case by a convincing preponderance of evidence and should prevail in this action. In cases of this type, the manufacturer and the vendor of foodstuff designed for human consumption, both, are virtually insurers that such merchandise is pure, wholesome and free from foreign materials and deleterious substances. We find that there was a breach of implied warranty that these doughnuts were wholesome and fit for human consumption. See MacLehan v. Loft Candy Stores, La.App., 172 So. 367.
Medical expenses of $28 were proved. From the evidence adduced, we are convinced that this child was quite ill for the first 24 hours after eating this foodstuff, and was progressively less sick, being finally pronounced well and able to return to school on November 2, 1960. During this period of time he endured physical pain and suffering. We consider an award of $600 is neither inadequate nor excessive. See Reine v. Baton Rouge Coca Cola Bottling Co. (La.App.), 126 So.2d 635; Mayerhefer v. Louisiana Coca-Cola Bottling Co., Ltd. et al., 219 La. 320, 52 So.2d 866; and McAvin v. Morrison Cafeteria Company et al. (La.App.) 85 So.2d 63.
It is ordered that the judgment of the trial court be reversed, and there is judgment herein in favor of Willie Gilbert, individually, in and for the sum of $28, together with legal interest thereon from date of judicial demand until paid, and in favor of Willie Gilbert, as administrator of the estate of his minor son, David Gilbert, and for his use and benefit, in and for the sum of $600, together with legal interest thereon from date of judicial demand until paid, against John Gendusa Bakery, Inc., and Louis and Piccola W. Garrett, d/b/a Garrett's Food Store, in solido.
The fee of the expert witness, Dr. Carter, is fixed at $50 and taxed as cost. Defendants to pay all costs.
Reversed and rendered.
NOTES
[1] New Amsterdam Casualty Company, although cited and served with petition and supplemental petition, filed no answer, made no appearance at the trial in the lower court, and filed no brief and made no appearance in this court. The question of coverage by New Amsterdam Casualty Company, therefore, is not at issue in this appeal. See Mestayer v. Cities Service Development Co. (La.App.) 136 So.2d 513.