PONDER, Judge.
This is a tort case based upon an alleged illness resulting from eating contaminated food. The trial court gave judgment in favor of plaintiff for $350.00. Defendant, Morgan Packing Co., Inc., timely appealed.[1] Plaintiff answered the appeal requesting an increase in the award to $1,500.00.
*1330 The issues involved are the sufficiency of plaintiffs proof of causation and quantum. We affirm.
On May 6, 1974, Symestress Tate, her sister, and their mother Imogene Tate, ate their evening meal about 5:30 or 6:00 p. m. All were evidently feeling fine. At the meal, Symestress ate only corn; her mother ate rice, chicken and corn, and her sister ate rice and chicken, but no corn. Symestress became ill approximately 15-30 minutes later, at first complaining of stomach pains, then regurgitating three or four times, and finally complaining of diarrhea.
Approximately 30-45 minutes after Sym-estress became ill, Mrs. Tate found a white worm with a black head in the can of corn. Mrs. Tate also became ill that night.
Symestress was taken to the doctor the next day and again on May 9th. On the first visit the doctor noted “possible food poisoning;” on the second visit he noted “Impression — No food poisoning.” He placed her on a soft diet. She returned to school approximately one week later.
CAUSATION
Defendant argues on appeal that it established the child’s illness was not caused by the contents of the can of corn. Mrs. Losi-koff, defendant’s only witness, qualified as an expert in the field of microbiology, testified that there are two types of food poisoning resulting from bacteria: bacterial infection and bacterial intoxication. The first manifests itself within seven to seventy-two hours and the second within one to six hours. She tested the corn left in the can for chemical toxins and found none. She stated that even if a worm was in the corn, the canning process would have rendered it harmless.
The lower court specifically noted in oral reasons that “the plaintiff has borne the burden of proof of showing a causal connection between the eating of the corn that was canned by the Morgan Canning Company and a subsequent illness that . (the) child suffered . . ”
The trial judge evidently chose to believe the testimony of Mrs. Tate and to reject that of Mrs. Losikoff. He also evidently did not give major importance to the second medical report. His conclusion is also supported by the fact that only the two people who ate the corn became ill; the third person did not. A plaintiff need not negate every conceivable cause that could have brought about the illness; he need only establish that the alleged deleterious food more likely than not caused the illness. Willie Gilbert v. Gendusa Bakery, Inc., et al., La.App., 144 So.2d 760 (4th Cir. 1962).
In the recent case of Billiot v. Bourg, La., 338 So.2d 1148 (1976), the Supreme Court said “nor should the reviewing court disturb the trier of facts reasonable inferences drawn from such testimony found by it to be credible.” The reasonable inference to be drawn from Mrs. Tate’s testimony is that the contaminated corn caused the subsequent illness of Symestress Tate.
QUANTUM
Defendant argues that, since the child was given no drugs and was discharged less than 72 hours after onset of the illness, an award of $50 to $100 would compensate plaintiff. Plaintiff argues that in addition to being ill, the child may never be able to eat corn again, and therefore, a more “realistic” award would be $1,500.00. We are of the opinion that the award of $350.00 is ample, is supported by the record, and is within the broad discretion allowed the trial judge by Civil Code Article 1934(3).
Accordingly, we affirm. Appellant is cast with all costs.
AFFIRMED.

. Defendant, Winn Dixie Louisiana, Inc., ve lor of the food, was dismissed pursuant to a peremptory exception of no cause of action.